Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
Email: andres@qlglaw.com
       john@qlglaw.com

Attorneys for Defendant A-1 Stone Crafters, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDORADO STONE, LLC, a Delaware limited liability company; ELDORADO STONE OPERATIONS, LLC, a Utah limited liability company,<br><br>  Plaintiffs,<br><br>vs.<br><br>A-1 STONE CRAFTERS, INC., a California corporation,<br><br>  Defendant. | CASE NO. 08 CV 00922 BEN (BLM)<br>Complaint filed on May 23, 2008<br><br>**DEFENDANT A-1 STONE CRAFTERS, INC.'S ANSWER TO COMPLAINT OF PLAINTIFFS ELDORADO STONE, LLC AND ELDORADO STONE OPERATIONS, LLC** |

Quintana Law Group, APC

Defendant A-1 STONE CRAFTERS, INC. ("Defendant") hereby answers the Complaint of Plaintiffs ELDORADO STONE, LLC and ELDORADO STONE OPERATIONS, LLC (collectively, "Plaintiffs") as follows:

1. The allegations of paragraph 1 of the Complaint state legal conclusions as to which no answer is required.

2. Defendant denies that it sold any infringing products or that it committed any acts of infringement within this District. Defendant further denies that Plaintiffs suffered any losses due to the acts of Defendant. As to the remaining allegations of this paragraph 2 of the Complaint, Defendant responds that they state legal conclusions as to which no answer is required.

3. The allegations of paragraph 3 of the Complaint state legal conclusions as to which no answer is required.

4. The Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 4 of the Complaint, and on that basis denies them.

5. The Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 5 of the Complaint, and on that basis denies them.

6. The Defendant admits the allegations in paragraph 6 of the Complaint.

7. The Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 7 of the Complaint, and on that basis denies them.

8. The Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 8 of the Complaint, and on that basis denies them.

9. The Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 9 of the Complaint, and on that basis denies them.

10. The Defendant admits the allegations in paragraph 10 of the Complaint.

11. The Defendant admits the allegations in paragraph 11 of the Complaint.

12. The Defendant denies each and every allegation in paragraph 12 of the Complaint.

13. The Defendant denies each and every allegation in paragraph 13 of the

Complaint.

14. The allegations of paragraph 14 of the Complaint state legal conclusions as to which no answer is required. To the degree any allegation in this paragraph does not call for a legal conclusion, the Defendant denies each and every allegation in paragraph 14 of the Complaint.

15. The Defendant admits that Plaintiffs sent demand letters to Defendant and that Defendant did not reply. The Defendant further denies each and every remaining allegation in paragraph 15 of the Complaint.

16. The Defendant admits the allegations in paragraph 16 of the Complaint.

17. The Defendant hereby repeats and incorporates all admissions and denials of paragraphs 1 through 16, as if set forth fully herein.

18. The Defendant denies each and every allegation in paragraph 18 of the Complaint.

19. The Defendant denies each and every allegation in paragraph 19 of the Complaint.

20. The Defendant denies each and every allegation in paragraph 20 of the Complaint.

21. The Defendant lacks information or belief sufficient to admit or deny whether Eldorado has an adequate remedy at law, and on that basis denies it. The Defendant denies each and every remaining allegation in paragraph 21 of the Complaint.

22. The Defendant denies each and every allegation in paragraph 22 of the Complaint.

23. The Defendant denies each and every allegation in paragraph 23 of the Complaint.

24. The Defendant denies each and every allegation in paragraph 24 of the Complaint.

25. The Defendant hereby repeats and incorporates all admissions and

denials of paragraphs 1 through 24, as if set forth fully herein.

26. The Defendant denies each and every allegation in paragraph 26 of the Complaint.

27. The Defendant denies each and every allegation in paragraph 27 of the Complaint.

28. The Defendant denies each and every allegation in paragraph 28 of the Complaint.

29. The Defendant lacks information or belief sufficient to admit or deny whether Eldorado has an adequate remedy at law, and on that basis denies it. The Defendant denies each and every remaining allegation in paragraph 29 of the Complaint.

30. The Defendant denies each and every allegation in paragraph 30 of the Complaint.

31. The Defendant denies each and every allegation in paragraph 31 of the Complaint.

32. The Defendant denies each and every allegation in paragraph 32 of the Complaint.

33. The Defendant hereby repeats and incorporates all admissions and denials of paragraphs 1 through 32, as if set forth fully herein.

34. The Defendant denies each and every allegation in paragraph 34 of the Complaint.

35. The Defendant denies each and every allegation in paragraph 35 of the Complaint.

36. The Defendant denies each and every allegation in paragraph 36 of the Complaint.

37. The Defendant denies each and every allegation in paragraph 37 of the Complaint.

38. The Defendant denies each and every allegation in paragraph 38 of the

Complaint.

39. The Defendant denies each and every allegation in paragraph 39 of the Complaint.

40. The Defendant hereby repeats and incorporates all admissions and denials of paragraphs 1 through 39, as if set forth fully herein.

41. The allegations of paragraph 41 of the Complaint state legal conclusions as to which no answer is required. To the degree any allegation in this paragraph does not call for a legal conclusion, the Defendant denies each and every allegation in paragraph 41 of the Complaint.

42. The Defendant denies each and every allegation in paragraph 42 of the Complaint.

43. The Defendant denies each and every allegation in paragraph 43 of the Complaint.

44. The Defendant denies each and every allegation in paragraph 44 of the Complaint.

45. The allegations of paragraph 45 of the Complaint state legal conclusions as to which no answer is required. To the degree any allegation in this paragraph does not call for a legal conclusion, the Defendant denies each and every allegation in paragraph 45 of the Complaint.

46. The Defendant hereby repeats and incorporates all admissions and denials of paragraphs 1 through 45, as if set forth fully herein.

47. The Defendant denies each and every allegation in paragraph 47 of the Complaint.

48. The Defendant denies each and every allegation in paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

49. As separate affirmative defenses to the Complaint, on the grounds that such defenses are likely to have evidentiary support after a reasonable opportunity for

further investigation or discovery, Defendant further alleges as follows:

### First Affirmative Defense

50. The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

51. The Complaint is barred by the doctrines of waiver, estoppel and/or laches based on the Plaintiffs' wrongful conduct.

### Third Affirmative Defense

52. Plaintiffs' injuries and damages, if any, were caused, in whole or in part by the conduct of third parties and not the conduct of the Defendant.

### Fourth Affirmative Defense

53. Upon information and belief, Plaintiffs have failed to mitigate their damages, if any.

### Fifth Affirmative Defense

54. Plaintiffs have not suffered injury to their business or property due to any conduct by the Defendant that violates applicable laws or other legal duties.

### Sixth Affirmative Defense

55. The language used by Defendant to describe its product is descriptive and accurate, and does not infringe upon any trademark or other legal right.

### Seventh Affirmative Defense

56. The Defendant's conduct constituted the lawful exercise of its legal rights, which does not violate the trademark laws, or any other law.

### Eighth Affirmative Defense

57. If the Defendant's conduct were found to constitute infringement of Plaintiffs' rights, if any, the Defendant is an innocent infringer, and Plaintiffs' damages, if any, were caused in whole or in part, by the conduct of third parties.

### Ninth Affirmative Defense

58. Plaintiffs are barred from obtaining any relief sought in the Complaint

Quintana Law
Group, APC

because they are misusing their intellectual property rights, if any, by unreasonably and unlawfully attempting to enforce them beyond the scope of such rights.

### Tenth Affirmative Defense

59. The Defendant's use of Plaintiffs' intellectual property, if any, constitutes nominative fair use and does not constitute infringement.

### Eleventh Affirmative Defense

60. Plaintiffs are seeking relief for intellectual property rights over which they have no legal rights and/or control.

### Twelfth Affirmative Defense

61. Plaintiffs are claiming relief for intellectual property rights which are invalid.

### Thirteenth Affirmative Defense

62. On information and belief, the Complaint, and each cause of action against the Defendant alleged therein, fails to describe the claims made against the Defendant with sufficient particularity to enable the Defendant to determine what defenses it may have in response to Plaintiffs' claims. The Defendant therefore reserves the right to assert all defenses which may be pertinent to Plaintiffs' claims once the precise nature of such claims are ascertained through discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice, and that their requests for damages and other relief be denied in full;

2. That the Defendant be awarded its attorneys' fees, costs and expenses in this action, pursuant applicable law; and,

3. That the Defendant be awarded such further relief as this Court may deem fair and just.

### DEMAND FOR JURY TRIAL

The Defendant A-1 STONE CRAFTERS, INC. respectfully requests a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Defendant reserves its rights to amend this answer, and to file a counterclaim, as appropriate.

DATED: July 21, 2008

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andres F. Quintana
John M. Houkom
Attorneys for Defendant A-1 Stone Crafters, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                     ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On July 21, 2008, I served the document described as

**DEFENDANT A-1 STONE CRAFTERS, INC.'S ANSWER TO COMPLAIT OF PLAINTIFFS ELDORADO STONE, LLC AND ELDORADO STONE OPERATIONS, LLC**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed below and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[ ]   BY ELECTRONIC MAIL: I caused such document to be sent via electronic mail to the electronic mail address of _____ at _____.com and received confirmed transmission reports indicating that this document was successfully transmitted to _____.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

EXECUTED on July 21, 2008 at Woodland Hills, California.

_____
Beatriz Singleton

## SERVICE LIST

Andrea M. Kimball, Esq.
Ben West, Esq.
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372

*Counsel for Plaintiffs Eldorado Stone, LLC and Eldorado Stone Operations, LLC*

Quintana Law Group, APC

2